IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW JAY WARREN, III, | § § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| | § | JURY |
| STATE FARM LLOYDS, | § § | |
| Defendant. | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds files this Notice of Removal, because diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332.

## PROCEDURAL BACKGROUND

1. Plaintiff Andrew Jay Warren, III filed this action on July 2, 2019 against State Farm Lloyds in the 113th Judicial District Court of Harris County, Texas. The case was docketed under cause number 201944931 (the "State Court Action").

2. State Farm Lloyds was served with citation and Plaintiff's Original Petition on July 8, 2019. The statutory deadline to remove this action under 28 U.S.C. §1446(b)(1) is 30 days after Defendant's receipt of the initial pleading.

3. State Farm Lloyds timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 113th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

4. State Farm Lloyds filed its Original Answer on July 29, 2019.

## NATURE OF THE SUIT

5.     This lawsuit involves a dispute over the handling and alleged under-payment of Plaintiff's claim for damages allegedly caused by a storm in Cypress, Texas that occurred on or about August 28, 2017.[1] Plaintiff asserts causes of action against State Farm Lloyds for: (1) breach of the insurance contract; (2) violations of the Prompt Payment of Claims Act; (3) violations of the Texas Insurance Code; (4) violations of the DTPA; (5) breach of the common law duty of good faith and fair dealing; and (6) fraud.[2]

## BASIS FOR REMOVAL

6.     The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Diversity of the Parties**

7.     Removal is proper because there is and was complete diversity between the parties under 28 U.S.C. § 1332 both at the time of the filling of Plaintiff's Original Petition and at the time of its removal to this Court.

8.     Plaintiff was, at the time of filing this lawsuit, and still is, a citizen of Harris County, Texas and resides in Harris County, Texas.[3]

9.      State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters

---

[1]     Plaintiff's Original Petition, ¶ 9.
[2]     *Id.* at ¶¶ 29-52.
[3]     *Id.* at ¶¶ 2, 7.

who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes.[4]

**B.    Amount in Controversy**

10.    Plaintiff does not ask for a sum certain in damages in his Petition, and instead, "seeks only monetary relief of $100,000 or less" but also alleges that "the amount in controversy does not exceed $75,000 ***at this time***."[5] Thus, Defendant may prove the amount in controversy exceeds $75,000 by setting forth facts that support a finding of the requisite amount.[6] The Court may consider a pre-suit demand letter in determining the value of the Plaintiff's claims at the time of removal.[7] When, as here, a Plaintiff fails to stipulate that damages are less than $75,000, the Court may consider this as a factor towards determining whether the amount in controversy requirement has been met.[8]

11.    Here, Plaintiff served State Farm with a pre-suit demand letter on or about April 18, 2019, setting forth the following categories of claimed damages:

1)   $22,000.00 for repairs to the loss;

2)   $4,400.00 in Interest that applies to this loss as per [sic] Texas Insurance Code;

3)   $30,000.00 for damages, including mental anguish; and

4)   $1,200.00 as reasonable and necessary attorney's fees for time expended to date in assisting our client in this matter.

Plaintiff did not identify a claim for treble damages or exemplary damages in his pre-suit demand, which Plaintiff now seeks in his Petition for "knowing," "intentional," or

---

[4]   *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

[5]   *See* Plaintiff's Original Petition, ¶ 66 (emphasis added).

[6]   *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)

[7]   *Puente v. State Farm Lloyds*, Civil Action No. B-15-190, 2016 U.S. Dist. LEXIS 58103, at *9 (S.D. Tex. 2016) citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

[8]   *Puente*, 2016 U.S. Dist. LEXIS 58103, at *9, citing *Gulf Coast Envtl. Sys., LLC v. TKS Control Sys.*, No. H-08-1080, 2008 U.S. Dist. LEXIS 51565, at *13-14 (S.D. Tex. 2008).

"malicious" conduct.[9] Plaintiff also seeks damages for "undue hardship and burden" and "all forms of loss resulting from" alleged mishandling of Plaintiff's claim or from State Farm's alleged breach of the common law duty of good faith and fair dealing.[10] Thus, Plaintiff continues to seek the damages identified in his pre-suit notice letter and now also seeks treble damages for knowing or intentional conduct.

12. The amount of actual damages sought through Plaintiff's pre-suit demand letter was $52,000 ($22,000 + $30,000) and, Plaintiff now seeks treble damages for knowing or intentional statutory violations in his Petition. If Plaintiff proves that State Farm knowingly or intentionally committed statutory violations, Plaintiff may recover $156,000.00 at trial ($52,000 x 3).[11] Plaintiff's claims for statutory penalty interest of $4,400.00 and for attorney's fees of $1,200.00 are both included in the amount in controversy.[12] Accordingly, the "amount in controversy" requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff seeks damages in excess of $75,000.00.

## REMOVAL IS PROCEDURALLY CORRECT

13. This notice of removal is timely under 28 U.S.C. § 1446(b). State Farm Lloyds was served with process on July 8, 2019.

14. Venue is proper in this division under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

15. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm Lloyds in the State Court Action are attached to this notice as Exhibit B.

---

[9] Plaintiff's Original Petition, ¶¶ 60, 62-63.

[10] Plaintiff's Original Petition, ¶¶ 55, 62

[11] Tex. Ins. Code § 541.152; Plaintiff's Original Petition, ¶ 60; *Puente*, 2016 U.S. Dist. LEXIS 58103, at *12-14 (using treble damages figure to calculate amount in controversy over exemplary damages figure because the treble damage figure yields a higher amount in controversy).

[12] *Puente*, 2016 U.S. Dist. LEXIS 58103, at *8, and 11-12 (including claim for attorney's fees and for "penalty interest" as part of the amount in controversy calculation.).

4

16. Additionally, all documents required by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and to the clerk of the 113th Judicial District Court of Harris County, Texas.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, State Farm Lloyds demands a trial by jury.

## PRAYER

Defendant respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. Defendant also requests any additional relief to which it may be entitled.

Respectfully submitted,

By: /s/ M. Micah Kessler
M. Micah Kessler
State Bar No. 00796878
S.D. Tex. I.D. 21206
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com

**ATTORNEY FOR DEFENDANT**

**OF COUNSEL:**
Avniel J. Adler
State Bar No. 24071933
S.D. Tex. I.D. 2229550
Email: aadler@nck-law.com

## **CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing was duly served upon counsel of record by U.S. Mail, certified return receipt requested and electronic service on July 29, 2019, as follows:

Chad T. Wilson
Thomas J. Landry
Chad T. Wilson Law Firm PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
**VIA EMAIL –** ESERVICE@CWILSONLAW.COM, CWILSON@CWILSONLAW.COM,
              TLANDRY@CWILSONLAW.COM
**AND CMRRR – 7018 1830 0000 4226 5632**

                                               */s/ M. Micah Kessler*
                                               M. Micah Kessler