# EXHIBIT B

**HCDistrictclerk.com**       WARREN, ANDREW JAY (III) vs. STATE FARM          7/29/2019
                              LLOYDS
                              Cause: 201944931       CDI: 7      Court: 113

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 86375525 | Defendant's Original Answer | | 07/29/2019 | 8 |
| 86328478 | Citation | | 07/24/2019 | 2 |
| 85993950 | Plaintiff's Original Petition Jury Demand and Request for Disclosure | | 07/02/2019 | 17 |
| -> 85993951 | Civil Process Request Form | | 07/02/2019 | 1 |
| 86033229 | Civil Process Pick-Up Form | | 07/02/2019 | 1 |

7/2/2019 9:13 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34824986
By: Nelson Cuero
Filed: 7/2/2019 9:13 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ANDREW JAY WARREN III,** | § | **IN THE JUDICIAL COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **_____ DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Andrew Jay Warren III, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Andrew Jay Warren III, resides in Harris County, Texas.

3. Defendant, State Farm Lloyds, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon State Farm Lloyds through its registered agent for service: **Corporation Services Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.** Plaintiff requests service at this time.

**JURISDICTION**

4.   The Court has jurisdiction over State Farm because this Defendant engages in the business

of insurance in the State of Texas, and the causes of action arise out of State Farm's

business activities in the state, including those in Harris County, Texas, with reference to

this specific case.

**VENUE**

5.   Venue is proper in Harris County, Texas because the insured property is located in Harris

County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred

in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

6.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of

the Texas Insurance Code, and violations of the Texas DTPA.

7.   Plaintiff owns an State Farm Lloyds insurance policy, number 53-BN-3247-9 ("the Policy").

At all relevant times, Plaintiff owned the insured premises located at 13810 Maxwell Road

Cypress, Texas 77429 ("the Property").

8.   State Farm or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm or

its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for

damage to Plaintiff's home. State Farm has refused the full extent of that coverage

currently owed to Plaintiff.

9.   On or about August 28, 2017, the Property sustained extensive damage resulting from a

2

severe storm that passed through the Cypress, Texas area.

10.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 531240M74 to Plaintiff's claim.

11.   Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

12.   Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: dining room, living room, kitchen, study, bedroom, bathroom, toilet and bath and bedroom 2.

13.   State Farm assigned or hired Crosby to adjust the claim.

   a.  Crosby had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Crosby. The valuation of damages that were included in Crosby's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Crosby.

   b.  Furthermore, Crosby was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Crosby had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the

claim below the deductible.

    c.   Crosby made misrepresentations as to the amount of damage Plaintiff's Property

         sustained as well as misrepresentations regarding how much it would cost to

         repair the damage to Plaintiff's Property.

    d.   Crosby made further misrepresentations to Plaintiff's during his inspection.

         Crosby used his expertise to fabricate plausible explanations for why visible

         damage to Plaintiff's Property would not be covered under the policy. Such

         misrepresentations include damage to the Property owing from wear and tear,

         damage from a previous claim, and damage of a type not consistent with the type

         of claim that was made.

14.    State Farm, through its agents, namely Crosby, conducted a substandard and improper

       inspection and adjustment of the Property, which yielded grossly inaccurate and

       unrealistic assessments of the cause, extent, and dollar amount of damage to the

       Property.

15.    The initial adjustment of the claim occurred on or around September 8, 2017. Crosby

       found that there was no damage from a covered peril to the roof of the property.

16.    After application of the policy deductible, Plaintiff was left without adequate recovery to

       complete proper repairs on Plaintiff's home

17.    To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to

       Plaintiff's Property is currently estimated at $22,000.

18.    Since due demand was made on April 18,2019, State Farm has not communicated that

any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

19.    As stated above, Defendant failed to assess the claim thoroughly.    Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, State Farm failed to provide full coverage due under the Policy.

20.    As a result of State Farm's failure to provide full coverage, along with State Farm's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

21.    State Farm failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, State Farm refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

22.    Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between State Farm and Plaintiff.

23.    Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff's

coverage due under the Policy.

24.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair
        Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide
        Plaintiff a reasonable explanation for not making the full payment under the terms of the
        Policy.

25.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair
        Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full
        coverage due to Plaintiff under the terms of the Policy. Specifically, State Farm, through
        its agents, servants, and representatives, namely Crosby, performed an outcome-
        oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and
        inequitable evaluation of Plaintiff's losses on the Property.

26.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt
        Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or
        deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary
        information.

27.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt
        Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations
        under the Texas Insurance Code regarding timely payment of the claim. Specifically,
        Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has
        not received full payment for the claim.

28.     Defendant's wrongful acts and omissions forced Plaintiff to retain the professional

6

services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS

### BREACH OF CONTRACT

29. All allegations above are incorporated herein.

30. State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

31. State Farm's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. All allegations above are incorporated herein.

33. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

7

35.    State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.    State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.    State Farm's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.    State Farm's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

39.    All allegations above are incorporated herein.

40.    State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

8

41.   State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the full
      claim within the applicable time constraints constitutes a non-prompt payment in
      violation of TEX. INS. CODE §542.056.

42.   State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and
      forms reasonably requested and required, for longer than the amount of time provided,
      constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.   All allegations above are incorporated herein.

44.   State Farm's conduct constitutes a breach of the common-law duty of good faith and fair
      dealing owed to an insured in insurance contracts.

45.   State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's
      claim, although, at that time, State Farm knew or should have known by the exercise of
      reasonable diligence that liability was reasonably clear, constitutes a breach of the duty
      of good faith and fair dealing.

## DTPA VIOLATIONS

46.   All allegations above are incorporated herein.

47.   State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade
      Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
      and services provided by State Farm pursuant to the DTPA.  Plaintiff has met all conditions
      precedent to bringing this cause of action against State Farm.  Specifically, State Farm's
      violations of the DTPA include, without limitation, the following matters:

9

A.    By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  State Farm's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    State Farm represented to Plaintiff that the Policy and State Farm's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    State Farm also represented to Plaintiff that the Policy and State Farm's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

10

State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.   Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.   All allegations above are incorporated herein.

50.   State Farm is liable to Plaintiff for common-law fraud.

51.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and State Farm knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.   State Farm made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## KNOWLEDGE

11

53. Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### WAIVER AND ESTOPPEL

54. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

55. Since the claim was made, State Farm has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

56. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

57. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation,

costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

58.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

59.    The damage to Plaintiff's Property is currently estimated at .

60.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

62.    For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money State Farm owed, and exemplary damages.

63.    Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies

13

Code. These violations are the type of conduct which the State of Texas protects its

citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the

recovery of exemplary damages in an amount determined by the finder of fact sufficient

to punish Defendant for its wrongful conduct and to set an example to deter Defendant

and others from committing similar acts in the future.

64.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly

fraudulent and malicious representations, along with attorney's fees, interest, and court

costs.

65.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage

the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of

the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance

Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of

this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas.

66.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that

the damages sought are in an amount within the jurisdictional limits of this Court. As

required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that

Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind,

penalties, costs, expenses, pre-judgment interest, and attorney's fees. This statement from

Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the

14

amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

67.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

68.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

### PRAYER

Plaintiff prays that Defendant, State Farm Lloyds, be cited and served to appear, and that upon trial hereof, Plaintiff, Andrew Jay Warren III, has and recovers from Defendant, State Farm Lloyds, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for

15

pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiff, Andrew Jay Warren III, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

16



LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE #307
DALLAS, TEXAS 75240

7019 0140 0000 4211 3007



US POSTAGE
$07.75⁰
First-Class
Mailed From 75240
07/05/2019
032A 006T855T00

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS  78701

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO. 201944931

RECEIPT NO.                    0.00      CIV
          **********              TR # 73641849

PLAINTIFF: WARREN, ANDREW JAY (III)          In The   113th
          vs.                                Judicial District Court
DEFENDANT: STATE FARM LLOYDS                 of Harris County, Texas
                                             113TH DISTRICT COURT
                                             Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING THROUGH ITS REGISTERED AGENT FOR
    SERVICE CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620   AUSTIN TX 78701
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 2nd day of July, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 2nd day of July, 2019, under my hand and
seal of said Court.

Issued at request of:              MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                  Harris County, Texas
455 EAST MEDICAL CENTER BLVD       201 Caroline, Houston, Texas 77002
SUITE 555                          (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX 77598                  Generated By: CUERO, NELSON 7MM//11267018
Tel: (832) 415-1432
Bar No.: 24079587

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                  _____ of _____County, Texas

                                  By _____
        Affiant                         Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                  _____
                                  Notary Public

N.INT.CITR.P              *73641849*



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Andrew Jay Warren III vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201944931 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/08/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

7/29/2019 8:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35488527
By: Devanshi Patel
Filed: 7/29/2019 8:30 AM

## CAUSE NO. 201944931

| | | |
|---|---|---|
| **ANDREW JAY WARREN, III,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| *Defendant*. | § | **113TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant State Farm Lloyds files this Original Answer to Plaintiff's Original Petition:

### I.
### GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulted from any accidental direct physical loss during the policy period beyond those damages found by State Farm under the Policy.

3.     **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

4.     **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $4,354.00 deductible, as well as an additional offset or credit in the amount of State Farm's payment to Plaintiff of $1,049.73.

5.     **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits and the Policy limits such coverage to costs "necessarily" spent to repair the damaged property. The Policy specifically provides:

**FE-3533.2 HOMEOWNERS POLICY ENDORSEMENT (Texas)**

**SECTION I - LOSS SETTLEMENT**

**COVERAGE A-DWELLING**

Items 1. and 2. are replaced by the following:

**1.   A1** - **Replacement Cost Loss Settlement - Similar Construction.**

   a.   We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations,** the damaged part of the property covered under **SECTION I - COVERAGES, COVERAGE A - DWELLING,** except for wood fences, subject to the following:

   (1)  until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations,** not to exceed the cost to repair or replace the damaged part of the property;

   (2)  when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations,** whichever is less;

2

(3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of **a** building or other structure, except as provided under **Option OL - Building Ordinance or Law Coverage.**

Plaintiff lacks proof of completed repairs or replacement to any covered property damage connected with his insurance claim, and regardless, the most Plaintiff can recover under the Policy is the actual cost of Plaintiff's necessary repairs. As such, Plaintiff's recovery in this case, if any, is limited to the actual cash value of the covered property damage.

6.      **Wear and Tear, Deterioration.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by wear and tear and related aging issues. The policy at issue provides that wear and tear does not fall under the coverage of the policy:

<b>SECTION I – LOSSES NOT INSURED</b>

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown…

Part of the property damages Plaintiff is claiming to his roof, floor tiles, and other areas of the property occurred over time through wear, tear, and deterioration. These conditions are not insured under the policy at issue.

7.      **Defective Design and Workmanship.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by defective design and workmanship. The policy at issue provides that these conditions do not fall under the coverage of the policy:

<strong>SECTION I – LOSSES NOT INSURED</strong>

1. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

* * * * *

b. defect, weakness, inadequacy, fault or unsoundness in:

(1) planning, zoning, development, surveying, siting;

(2) design, specifications, workmanship, construction, grading, compaction;

(3) materials used in construction or repair; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises** . . .

Part of the damages Plaintiff is claiming to the property were caused by defective workmanship, construction, repairs or maintenance to Plaintiff's roof. These conditions are not insured under the policy at issue.

8.      **Surface Water.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by surface water. The policy at issue specifically provides:

<strong>SECTION I – LOSSES NOT INSURED</strong>

* * * * *

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss;

4

or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

**FE-3533.2 HOMEOWNERS POLICY ENDORSMENT (Texas)**
**SECTION I – LOSSES NOT INSURED**

Item 2.c. is replaced by the following:

2.  c. **Water**, meaning:

> (1) flood, surface water, waves (including tidal wave, tsunami, and seiche), tides, tidal water, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;
>
> (2) water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;
>
> (3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
>
> (4) material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

Part of the damages Plaintiff is claiming to his house and its contents resulted from surface water. This condition is not insured under the policy at issue.

9.    **Failure to Comply with Policy Conditions**: **Exhibiting Damages and Providing Requested Information**. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the following Policy conditions:

**SECTION I – CONDITIONS**

\* \* \* \* \*

2.  **Your Duties After Loss**. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

\* \* \* \* \*

d.   as often as we reasonably require:

\* \* \* \* \*

> (1) exhibit the damaged property;

5

(2) provide us with records and documents we request and permit us to make copies…

When Plaintiff reported the claim to State Farm, he advised that he had lost power at his house which caused Plaintiff to lose food. State Farm asked Plaintiff to provide information regarding the food loss, which Plaintiff never provided to State Farm. When Plaintiff's public adjuster contacted State Farm and when Plaintiff's attorneys sent State Farm a demand letter, State Farm requested an estimate or documentation of additional damages to reconcile the claimed damages against State Farm's estimate. However, Plaintiff never provided State Farm with the requested estimate. Further, when State Farm ultimately conducted an additional property inspection, Plaintiff failed to exhibit the damages to the interior of the property, as these were all repaired before State Farm's third inspection. Accordingly, to the extent Plaintiff claim damages beyond State Farm's estimate, particularly as to damages to the interior of the property, Plaintiff prejudiced State Farm's ability to inspect this damage by not exhibiting the damage to State Farm.

10.     **Failure to Comply with Policy Conditions: Protect Property from Further Damage**. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the following Policy conditions:

### SECTION I – CONDITIONS
* * * * *

2.  **Your Duties After Loss**. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

    * * * * *
    b.  protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures…

State Farm observed when it first inspected Plaintiff's property that the damages in Plaintiff's master bathroom, master bedroom, and master closet were the same damages Plaintiff reported to State Farm in a prior 2012 claim that Plaintiff did not repair. Accordingly, Plaintiff failed to satisfy the policy condition to protect his property

6

from further damage by failing to repair the prior damages from 2012 for several years.

11.     **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

12.     **Cap on Punitive Damages.** Tex. Civ. Prac. and Rem. Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**PRAYER**

Defendant prays that Plaintiff take nothing by his claims, and that Defendant recover its costs, fees, and expenses, and such other further relief to which Defendant may show itself to be justly entitled to, in law and in equity.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   */s/ M. Micah Kessler*
        M. Micah Kessler
        State Bar No. 00796878
        Avniel J. Adler
        State Bar No. 24071933
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: aadler@nck-law.com

**COUNSEL FOR DEFENDANT**

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on July 29, 2019, in the manner(s) prescribed below:

Chad T. Wilson
Thomas J. Landry
Chad T. Wilson Law Firm PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
**VIA EFILE**

_/s/ M. Micah Kessler_
M. Micah Kessler

8